260-15/PJG/YA/BGC
Peter J. Gutowski
Yaakov Adler
Barbara G. Carnevale
Freehill Hogan & Mahar LLP
80 Pine St.
New York, NY 10005
Tel: (212) 425-1900
Fax: (212) 425-1901
*Attorneys for Petitioner Pioneer Navigation Ltd.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Pioneer Navigation Ltd.

   Petitioner

 against

Chemical Equipment Labs, Inc.

   Respondent

Civil Action No.19-cv-_____ (___)

**PETITION TO CONFIRM**
**ARBITRATION AWARD**

Petitioner Pioneer Navigation Ltd. ("Pioneer" or "Petitioner"), by and through its attorneys, Freehill Hogan & Mahar, LLP, for its Petition herein, states as follows:

## NATURE OF PROCEEDINGS

1. Petitioner brings this summary proceeding pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. §§ 201-208, and the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1-16, to confirm an arbitration award issued in New York City in Petitioner's favor against Respondent Chemical Equipment Labs, Inc. ("CEL" or "Respondent").

## THE PARTIES

2. At all times material hereto, Petitioner Pioneer was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a business address in

care of its agent Atlas Shipping Ltd., One Landmark Square, Suite 2002, Stamford, CT 06901 and was the disponent owner of the ocean going vessel M/V GENCO OCEAN.

3. At all times material hereto, Respondent CEL was and still is a domestic business entity duly organized and existing under the laws of the state of Pennsylvania with an office and place of business at 60 Walnut Street, Marcus Hook, PA. 19061 and was the charterer of the M/V GENCO OCEAN.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this proceeding pursuant to 9 U.S.C. §§ 201 and 203. In addition, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity between the parties and more than $75,000, exclusive of interest and costs, is at stake in this controversy.

5. Venue in this Court is proper pursuant to 9 U.S.C. §9 and/or §204 and 28 U.S.C. §1391(d).

6. This Court has personal jurisdiction over CEL as the agreed-upon arbitration clause designated New York as the place of arbitration and CEL participated in the arbitration in New York City.

## BACKGROUND FACTS

7. Pursuant to a contract of charter party dated December 4, 2014, Pioneer, as disponent owner of the M/V GENCO OCEAN, let the vessel to Respondent CEL, for a single voyage for the carriage of 25,000 M/T of salt in bulk from Araya, Venezuela to ports on the USEC, including Wilmington, Delaware and Baltimore, Maryland, a copy of which is annexed hereto as Ex. 1 and incorporated by reference herein (hereinafter the "Charter").

8.  Pursuant to the terms of the Charter, Petitioner Pioneer duly delivered the vessel at Araya within the designated laycan dates and tendered Notice of Readiness confirming the vessel's availability for loading of the cargo at the designated load port as of December 14, 2014.

9.  Contrary to Respondent CEL's obligations under the Charter, CEL failed to timely provide the agreed cargo of salt and the vessel remained idle at Araya from the tender of Notice of Readiness through early January 2015, awaiting CEL's loading of the full cargo, at which point it departed to seek alternative mitigation employment.

10. The failure by CEL to tender and load the full cargo constituted a breach of the Charter.

11. As a consequence of the foregoing, Petitioner Pioneer suffered damages including expenses and lost revenue due to CEL's failure to perform the voyage.

12. The Charter contained an arbitration clause whereby disputes arising out of or relating to the Charter were to be submitted to arbitration at New York. (Ex. 1 Charter.)

13. Following CEL's breach of the contract, Petitioner commenced arbitration in accordance with the governing arbitration clause.

14. A panel of three arbitrators was selected with Petitioner appointing one, CEL appointing another, and the two so chosen selecting the third to serve as Chairman.

15. The claim was then arbitrated with an exchange of submissions, documents, a hearing and final briefing.

16. On January 31, 2019, the Panel majority (arbitrator Sheinbaum dissenting) issued its Award (the "Award") finding in favor of Petitioner against Respondent and awarding Petitioner the following:

    (i)    damages for breach of charter:    $598,721.54

|      |                              |              |
|------|------------------------------|--------------|
| (ii) | interest                     | $ 96,197.34  |
| (iii)| attorneys' fees and expenses | $127,000.00  |
| (iv) | arbitral fees and expenses   | $ 58,500.00  |
|      | **TOTAL AWARD**              | **$880,418.88** |

(A true and correct copy of the Award is attached hereto as Exhibit 2.)

17. Additionally, the Panel directed that if payment has not been made within 30 days after issuance of the Award, post-Award interest shall continue to accrue at the commercial prime rate posted by the Federal Reserve Bank until the Award has been paid or reduced to judgment, whichever occurs first.

18. The arbitration clause provides that this Award may be made a rule of the Court.

19. Despite due demand, CEL has not yet paid any part of the Award to Petitioner or indicated any intent to do so.

## **THE AWARD IS ENTITLED TO CONFIRMATION**

20. This Petition has been brought within the time period required by the Convention and FAA.

21. There are no valid grounds to vacate, modify, or refuse to confirm the Award.

22. There are no pending applications to vacate or modify the Award.

23. Accordingly, the Award must be confirmed as a valid and enforceable final arbitration award pursuant to 9 U.S.C. §207 and 9 U.S.C. §9.

**WHEREFORE**, Petitioner respectfully prays that the Court enter an order, pursuant to 9 U.S.C. §207 and/or 9 U.S.C. §9, confirming the Award against Respondent CEL and directing that judgment be entered thereon in this Court, together with interest, costs and attorneys' fees

incurred in connection with this proceeding, and such other and further relief as the Court may deem just, proper, and equitable.

Respectfully submitted,

*[signature]*

Peter J. Gutowski (gutowski@freehill.com)
Yakov Adler (adler@freehill.com)
Barbara G. Carnevale (carnevale@freehill.com)
Freehill Hogan & Mahar, LLP
80 Pine St.
New York, NY 10005
Tel: (212) 425-1900
Fax: (212) 425-1901
*Attorneys for Petitioner*

TO:  Chemical Equipment Labs Inc.
c/o Lennon Murphy & Phillips, LLC
GrayBar Building
420 Lexington Ave.
Suite 300
New York, NY 10170

Chemical Equipment Labs Inc.
221 W. Washington Ave
Havertown PA 19083 1