The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – Phone
(212) 490-6070 - Fax

1599 Post Road East
Westport, CT 06880
(203) 256-8600 – Phone
(203) 255-5700 - Phone
(203) 256-8615 – Fax
(203) 255-5702 - Fax



Lennon
Murphy
& Phillips LLC

A T T O R N E Y S   A T   L A W

June 26, 2019

Honorable Deborah A. Batts
United States District Court
United States Courthouse
500 Pearl Street, Room 2510
New York, NY 10007

**PIONEER NAVIGATION LTD. v.
CHEMICAL EQUIPMENT LABS, INC.
19 Civ. 2938 (DAB)**

Dear Judge Batts:

Our law firm represents respondent Chemical Equipment Labs, Inc., in the captioned action in which, on behalf of the respondent, we filed a Motion to Vacate an Arbitration Award. I have just read the letter submitted to the Court by counsel for the Petitioner, Pioneer Navigation Ltd., and, in doing so, realized for the first time that the Court expected respondent to file papers last Friday, June 21st, in "opposition . . . to Petitioner's Petition to Confirm Arbitration Award." How I could have overlooked this when I first read the Court's Order of May 9th is totally beyond me. I simply missed that language, Your Honor, focusing as I did on Respondent's need to file opposition to "Respondent's Motion to Vacate Arbitration Award." I now understand why Petitioner wants to file additional papers. They had expected Respondent to do so last Friday. If the Court will kindly consent, I will file such opposition (in the form of a pleading that is responsive to the Petition) along with the Reply papers on Respondent's Motion to Vacate on July 3rd (if Your Honor will kindly grant the extension request I made yesterday) and ask that the filing of such a responsive pleading be accepted as the "opposition . . . to Petitioner's Petition to Confirm Arbitration Award" that was expected last Friday. Alternatively, if the Court prefers, I will file the "opposition . . . to Petitioner's Petition to Confirm Arbitration Award" within today.

I truly apologize to the Court and to Petitioner's attorneys for the oversight described above, which frustrates and embarrasses me to no end.

I have spoken with Petitioner's attorney Mr. Gutowski about this letter and he has advised that he does not object to the request made herein. I can similarly advise the Court that Respondent has no objection to the request Petitioner made in the letter from its attorneys to the Court today.

The Court's kind indulgence with respect to the request set forth in this letter would be greatly appreciated.

Very truly yours,

Lennon, Murphy & Phillips, LLC

By  *Keith W. Heard*

Keith W. Heard

cc:  Freehill, Hogan & Mahar
    Attn:  Peter Gutowski, Esq.
        Yaakov Adler, Esq.